# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman KYLE R. DIETZ
### United States Air Force

### ACM 38117 (rem)

### 17 July 2014

Sentence adjudged 02 February 2012 by GCM convened at Luke Air Force Base, Arizona. Military Judge: Joseph Kiefer (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 15 months, and reduction to E-1.

Appellate Counsel for the appellant: Major Scott W. Medlyn and Captain Lauren A. Shure.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

A general court-martial composed of a military judge alone convicted the appellant, in accordance with his pleas, of seven specifications of knowingly and wrongfully possessing visual depictions of minors engaged in sexually explicit conduct ("child pornography"), in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge determined the maximum punishment by reference to 18 U.S.C. § 2252A(b)(2), which sets maximum confinement at 10 years for possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5).  The judge merged two groups of three specifications each for sentencing, making the maximum confinement 30 years.[1] The court adjudged a bad-conduct discharge, confinement for 15 months, total forfeiture of pay and allowances, and reduction to E-1.  The convening authority approved the sentence as adjudged, except for the forfeitures.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of  Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a).  At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force.  On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June  2013).

When the appellant's case was initially before us, the appellant averred two issues: (1) that *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011), limited the sentence that could be imposed, and (2) that the convening authority's Action should be set aside due to a substantial error in the staff judge advocate's recommendation (SJAR).

On 12 July 2013, we issued a decision affirming the approved findings and sentence.[2]  *United States v. Dietz*, ACM 38117 (A.F. Ct. Crim. App. 12 July 2013) (unpub. op.).  Mr. Soybel was a member of the panel.  The appellant then filed a motion to vacate with us and petitioned our superior court for review.  On 31 October 2013, our superior court converted the appellant's motion to vacate before our Court into a motion for reconsideration. *United States v. Dietz*, 73 M.J. 91 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors.  The appellant

---

[1] The military judge merged the following specifications for sentencing:  Specifications 1, 2, and 3 as one offense; Specifications 4, 5, and 7 as one offense; and left Specification 8 separately punishable.

[2] After the appointment of Mr. Lawrence Soybel by the Secretary of Defense on 25 June 2013, this Court  sua sponte reconsidered its 14 May 2013 opinion and issued a new opinion on 12 July 2013.  The two panels had identical members.

submitted a supplemental assignment of errors averring additional issues: (1) his conviction and the charge and specification is legally insufficient because each offense was alleged, and guilt was adjudged and approved, in the disjunctive; (2) his due process right to speedy appellate processing was violated under *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006); and (3) the post-trial delay in the processing of his case, though non-prejudicial, warrants relief under *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court. We find the appellant is entitled to partial relief and modify the findings by exception; as such, we affirm the modified findings and affirm the sentence.

*Disjunctive Specifications*

The appellant asserts the findings are legally insufficient because the terminal elements were charged in the disjunctive. In his plea inquiry, the appellant only described how his possession of images of minors engaged in sexually explicit conduct was service discrediting, in violation of clause 2 of Article 134, UCMJ. The appellant now argues that his plea and the findings are void for vagueness as he was not on notice as to whether he was convicted of a violation of clause 1 or clause 2 of Article 134, or both. We disagree.

We agree with our colleagues in the other service courts that "pleadings and findings in the disjunctive may constitute error, but . . . [s]uch error is not uniformly fatal and, in the absence of material prejudice, may be waived." *United States v. Crane*, ARMY 20080469, unpub. op. at 1 (Army Ct. Crim. App. 18 August 2009) (citing *United States v. Gonzalez*, 39 M.J. 742, 749 (N.M.C.M.R. 1994)). "While charging in the disjunctive is disfavored, under Article 134, [UCMJ,] it does not automatically render the specification fatally defective." *United States v. Miles*, 71 M.J. 671, 673 (N.M. Ct. Crim. App. 2012), *rev. denied*, 72 M.J. 257 (Daily Journal 19 April 2013). In a guilty plea case, we review the specification with "maximum liberality." *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012) (citation and internal quotation marks omitted). "It has been exhaustively clarified that the phrase 'prejudicial to good order and discipline or of a service-discrediting nature' merely pleads two different theories of liability for a singular terminal element under which an accused can be found guilty of but one offense." *United States v. Chestnut*, ARMY 20120612 (Army Ct. Crim. App. 31 October 2013) (unpub. op.) (citing *United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2006)), *rev. denied*, 73 M.J. 294 (Daily Journal 24 April 2014).

Although we review questions of law from a guilty plea de novo, we review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The test for an abuse of

discretion is whether the record shows "'a substantial basis' in law and fact for questioning the plea.'" *Id.* (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). A military judge abuses his discretion if he accepts a guilty plea without having the appellant provide an adequate factual basis to support his plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). The presence of "and/or" in describing the res of an offense renders a pleading "void for uncertainty. . . . [I]ts inclusion in the specification totally deprives the accused, appellate reviewing agencies, and those who may in the future examine the charge, of any information concerning the nature of the res . . . ." *United States v. Autrey*, 30 C.M.R. 252, 254 (C.M.A. 1961).

We conclude the appellant was neither misled nor confused on the allegation; he never requested a bill of particulars and voluntarily pled guilty. The military judge clearly explained to the appellant both clause 1 and clause 2 of Article 134, UCMJ. The appellant admitted to both and then provided an explanation only as to why his actions were service discrediting. This is not a case where the military judge failed to instruct an appellant during a guilty plea on an essential element. *Cf. United States v. Schell*, 72 M.J. 339, 346 (C.A.A.F. 2013) (plea was improvident where military judge failed to define the "substantial step" element for attempt offense under Article 134, UCMJ); *United States v. Evans*, ___ M.J. ___ No. 14-0567/AR (Daily Journal 5 June 2014) (plea was improvident where accused was charged with a violation of clause 1 of Article 134, UCMJ, and the military judge focused exclusively on clause 2). Rather, the appellant "knew the elements, admitted them freely, and pleaded guilty because he was guilty." *See United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992).

We will, however, reject a guilty plea if there is a "substantial basis in law and fact for questioning the guilty plea." *Prater*, 32 M.J. at 436 (internal quotation marks omitted). Even if an appellant stipulates his conduct violated either clause 1 or clause 2 of Article 134, UCMJ, the plea is not provident if there is "no discussion of that element by either [the a]ppellant or the military judge during his plea inquiry." *United States v. O'Connor*, 58 M.J. 450, 454 (C.A.A.F. 2003).

Here there was no inquiry regarding why the appellant's conduct was prejudicial to good order and discipline. Nevertheless, the appellant entered provident pleas that his acts as described in each of the specifications were service discrediting. Therefore, we do not reject that plea, and we affirm the specifications by exception. Because the appellant did not provide any factual basis for why his conduct was prejudicial to good order and discipline, we except from each specification the words: "prejudicial to good order and discipline or."[3]

---

[3] This Court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986). This

We would nonetheless echo the admonition of the Army Court of Criminal Appeals:

> We take this opportunity to strongly discourage disjunctive pleadings. Such pleadings serve no discernable purpose and unnecessarily create avoidable appellate issues. While statutory construction may offer alternate theories of criminal liability, pleadings should specify those theories, using the conjunctive . . . if more than one may apply. If concerned with exigencies of proof, trial counsel may plead in the conjunctive and fact-finders may find by exceptions. This eliminates any potential for ambiguity in pleadings or findings. Further, we urge trial judges to eliminate disjunctives by ordering the Government to amend the specification when, as here, it otherwise gives sufficient notice of the crime alleged and would not constitute a major change. Certainly, judges should ensure disjunctives are eliminated when entering findings or when members make findings on a specification.

*Crane*, unpub. op. at 2 (internal citations omitted).

### *Maximum Sentence Authorized*

The appellant pled guilty to and was convicted of seven specifications of "wrongfully and knowingly possess[ing] visual depictions of minors engaged in sexually explicit conduct." During the guilty plea inquiry, the military judge defined minor as "a person under the age of 16 years." After acknowledging he understood the elements and definitions, the appellant told the military judge that his trial defense counsel had explained to him "the definitions of 'sexually explicit conduct' as defined in 18 USC [sic] 2256 and [the appellant was] confident multiple files . . . . depicted minors engaged in sexually explicit conduct as that term is defined in 18 USC [sic] 2256." Later in the inquiry, the military judge confirmed with the appellant that he possessed images of "actual people" who were minors engaged in sexually explicit conduct. Specifically as to age, the appellant told the military judge that "some of them . . . would probably be younger than 12 years old." The inquiry conclusively shows a plea to possessing images of minors engaged in sexually explicit conduct as defined by the analogous United States Code provisions used to determine the maximum confinement authorized.

At trial, the appellant conceded that the maximum authorized sentence for each specification was 10 years of confinement. During the argument on a motion on

---

analysis is based on a totality of the circumstances. *Winckelmann*, 73 M.J. at 15–16. We find that absent this error the adjudged and approved sentence in this case would not be any lower.

multiplicity and the unreasonable multiplication of charges, trial defense counsel stated: "[Y]ou would have to look to the federal statute, and that says its [sic] ten years."

Trial defense counsel also made a motion arguing the military judge should use 16 years of age to define a minor as described in other provisions of the Uniform Code of Military Justice rather than the definition of minor from 18 U.S.C. § 2256. Trial defense counsel again acknowledged the federal statute provided the maximum sentence. Trial counsel argued that the definition of a minor was someone under 18 years of age as defined in 18 U.S.C. § 2256. The military judge decided he would apply the more restrictive definition as someone under 16 years of age. In making this ruling, the military judge distinguished his decision on the age from the analysis of determining the maximum punishment based on the federal statute.

Contrary to his position at trial, the appellant now argues the maximum sentence was limited by our superior court's decision in *United States v. Beaty*, 70 M.J. 39 (C.A.A.F. 2011). We disagree. Unlike in *Beaty*, the specifications here do not include the qualifying language: "what appears to be a minor." *Id.* at 40. We are not persuaded that the appellant's successful request for a more restrictive definition of age resulted in an offense different from the federal statute. Our superior court has recently examined the issue of maximum punishment in child pornography cases and reaffirmed that when all the elements of a federal crime, except the jurisdictional element, are included in a specification under clause 1 or clause 2 of Article 134, UCMJ, then the analogous federal statute provides the maximum punishment. *See United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014). The analogous federal provision that criminalizes possession of child pornography is 18 U.S.C. § 2252A(a)(5), which uses the definitions from 18 U.S.C. § 2256 that defines child pornography as the visual depictions of minors engaged in sexually explicit conduct. *Id.* at 148. We affirm the military judge's decision on the maximum punishment for each specification.

*Error in the Staff Judge Advocate Recommendation*

The appellant argues the convening authority's Action in the case should be set aside because the staff judge advocate (SJA) misstated the maximum authorized punishment in his recommendations to the convening authority. As formulated by our superior court, we apply the following analysis:

> If defense counsel does not make a timely comment on an error or omission in the SJA's recommendation, the error is waived unless it is prejudicial under a plain error analysis. Because [the a]ppellant did not object to the recommendation of the SJA, we must determine whether there was error, whether it was plain, and whether it materially prejudiced a substantial right of the accused. With respect to an error in an SJA's post-trial recommendation, the prejudice prong involves a relatively low threshold—

a demonstration of some colorable showing of possible prejudice. Our review is de novo.

*United States v. Capers*, 62 M.J. 268, 269 (C.A.A.F. 2005) (internal citations and quotation marks omitted).

In the SJAR, the SJA stated the "maximum available sentence for the offenses for which the [appellant] was convicted" included confinement for 70 years. The military judge convicted the appellant of seven separate specifications of possessing child pornography which carried a maximum of 10 years of confinement each. However, the SJA did not mention that the judge's merger of some specifications for sentencing reduced the maximum to 30 years. The appellant did not make a timely objection.

We find no colorable showing of possible prejudice under the facts of this case. First, the adjudged and approved term of confinement of 15 months is a small fraction of that 30-year maximum authorized in this case. Second, the appellant was convicted of possession of child pornography from the time he entered active duty in May 2008 until his crimes were discovered and his computers were seized in June 2011. In clemency, the appellant requested a further reduction in confinement of only two months. Finally, the convening authority disapproved the adjudged forfeitures in order to permit waiver of automatic forfeitures for the benefit of the appellant's spouse and dependent children. We are convinced that the single reference by the SJA to a 70-year maximum term of confinement had no impact on the convening authority's decision in this case. *See United States v. Flores*, 69 M.J. 651 (A.F. Ct. Crim. App. 2010), *affirmed*, 69 M.J. 366 (C.A.A.F. 2011) (SJA's misstatement of maximum punishment in a special court-martial as 15 years of confinement was not prejudicial where misconduct was egregious and the approved confinement was well below the authorized maximum).

*Appellate Review Time Standards*

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether any constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this Court and our superior court is within the 18-month standard. *Id*. at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was originally docketed for appellate review on 30 May 2012. This Court rendered a decision on 12 July 2013. This was well within the 18-month standard established in *Moreno*. As stated supra, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See Janssen*, 73 M.J. at 222. Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore the *Moreno* presumption of unreasonable delay is not triggered for this time period. *See Mackie*, 72 M.J. at 136.

The appellant contends he is entitled to relief due to appellate processing delays. Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), appellate courts are empowered to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[4] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

## *Conclusion*

The approved findings, as modified, and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ.

---

[4] U.S. CONST. art. II, § 2, cl. 2

Accordingly, the approved findings, as modified, and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court